**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OSCAR WILLIAMS, JR.

           Plaintiff,

vs.

C/O HANKE, *et al.*,

           Defendants.

Case No.  2:09-cv-1979-KJD-RJJ

**ORDER**

Plaintiff, an inmate proceeding *pro se*, filed a "Civil Rights Complaint Pursuant to NRS 41.010 et seq. and 42 U.S.C. § 1983" (#2) in the Eighth District Court of the State of Nevada, Clark County. Defendants removed the case to federal court. (*See* Petition for Removal, #1). The Court has screened the complaint and finds that it requires amendment.

**I.  Screening Standard Pursuant to 28 U.S.C. § 1915A**

The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

2

infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of the Complaint**

Plaintiff sues C/O Hanke, William "Bill" Donat, C/O Turner, and the State of Nevada in their individual and official capacities for violation of his Eighth and Fourteenth Amendment rights. Specifically, Plaintiff claims that Defendant Hanke hit his right pinkie finger with a hard toilet brush "sadistically and oppressively." Plaintiff claims that Defendant Turner "just stood by and watched Defendant Hanke['s] irrational behavior." Plaintiff alleges that Defendant Donat knew or should have known that Defendant Hanke had racial prejudices against blacks and hispanics when he permitted Hanke to work around the Plaintiff. Plaintiff claims that he suffered permanent damage to his right pinkie finger as a result of this incident. He seeks compensatory and punitive damages as well as declaratory and injunctive relief.

**A.     Defendants**

**1.     State of Nevada**

Under the Eleventh Amendment to the Constitution, States are generally immune from actions in Federal courts. The Nevada Department of Corrections, as an agency of the State of Nevada, also enjoys that immunity. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Congress has the power to override that immunity through legislation authorized by section 5 of the Fourteenth Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Pursuant to that power, Congress enacted 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

1  The State of Nevada and any governmental entity that is considered an "arm of the State" for Eleventh
2  Amendment purposes are not "persons" within section 1983's meaning of the term. *Doe v. Lawrence*
3  *Livermore Nat. Laboratory*, 131 F.3d 836 (9th Cir. 1997), quoting *Will*, 491 U.S. at 70. Because the
4  State of Nevada is not a "person" for the purposes of section 1983, it must be dismissed with prejudice.

5        **2.     William "Bill" Donat**

6      Supervisory personnel are generally not liable under section 1983 for the actions of their
7  employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a
8  supervisorial position, the causal link between him and the claimed constitutional violation must be
9  specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589
10 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of
11 supervisory liability, Plaintiff must allege facts indicating that supervisory defendants either: personally
12 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act
13 to prevent them; or promulgated or implemented a policy so deficient that the policy itself "is a
14 repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen*
15 *v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
16 Although federal pleading standards are broad, some facts must be alleged to support claims under
17 Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

18     Here, Plaintiff alleges that Defendant Hanke, while working under the direction of Defendant
19 Donat, committed battery upon him by hitting his right pinkie finger with a hard toilet brush. Plaintiff
20 also alleges that Defendant Donat knew or should have know that Defendant Hanke had racial prejudices
21 against blacks and hispanics when he permitted Hanke to work around the Plaintiff. Plaintiff's vague
22 and conclusory allegations are not sufficient to support a claim of supervisory liability against Defendant
23 Donat. Accordingly, Plaintiff's claims against Defendant Donat are dismissed with leave to amend.

24
25
26

**B.     Eighth Amendment Claims**

    **1.     Defendant Hanke**

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id*. at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)(*cert. denied sub nom. Johnson*, 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id*. at 9-10. Here, Plaintiff has articulated a viable Eighth Amendment claim against Defendant Hanke that may proceed on the complaint.

    **2.     Defendant Turner**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id*.; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id*. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327, 33 (1986).

Plaintiff states that, "Defendant Turner, after C/O Hanke hit the counter-top before hitting my right pinkie just stood by and watched Defendant Hanke['s] irrational behavior." Plaintiff's allegations do not support a claim against Defendant Turner that his failure to act to stop Defendant Hanke constituted "deliberate indifference to a substantial risk of harm." Therefore, Plaintiff's Eighth Amendment claims against Defendant Turner are dismissed with leave to amend.

### C. Fourteenth Amendment Claims

Plaintiff alleges that his Fourteenth Amendment rights were violated. Based on Plaintiff's references to Defendant Hanke as having "racial prejudices against blacks and hispanics," the Court construes Plaintiff's Fourteenth Amendment claims as equal protection violation against Defendant Hanke. It is not clear if Plaintiff intends to make Fourteenth Amendment claims against Defendants Turner and Donat as well.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a section 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included the plaintiff. *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). Although Plaintiff implies that Defendant Hanke acted with racial animus against him when hitting him with a toilet brush, Plaintiff has not actually alleged that he is a member of a protected class of inmates or that Defendant Hanke treated him differently from similarly situated individuals. Therefore, Plaintiff's Fourteenth Amendment claims are dismissed with leave to amend.

### III. Conclusion

Plaintiff has stated a colorable claim for excessive force under the Eighth Amendment against Defendant Hanke that may proceed on the complaint. Plaintiff's claims against Defendants Turner and Donat are dismissed with leave to amend. Plaintiff's Fourteenth Amendment claims are dismissed with leave to amend. Plaintiff's claims against the State of Nevada are dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint (#2).

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant's Turner and Donat are **DISMISSED** with leave to amend.

1    **IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment claims are **DISMISSED**
2 with leave to amend.

3    **IT IS FURTHER ORDERED** that Defendant State of Nevada is **DISMISSED** with prejudice.

4    **IT IS FURTHER ORDERED** that Plaintiff **SHALL SUBMIT** an amended complaint if he
5 believes he can correct the deficiencies noted in this Order.  The amended complaint must be a complete
6 document in and of itself, and will supersede the original complaint in its entirety.  Any allegations,
7 parties, or requests for relief from prior papers that are not carried forward in the amended complaint will
8 no longer be before the Court.  Plaintiff will have **thirty (30) days** from the date that this Order is
9 entered to file his amended complaint, if he believes he can correct the noted deficiencies.

10    **IT IS FURTHER ORDERED** that Plaintiff shall clearly title the amended complaint as such
11 by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42
12 U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, 2:09-CV-1979-KJD-
13 RJJ, above the words "FIRST AMENDED"in the space for "Case No."

14    **IT IS FURTHER ORDERED** that if Plaintiff fails to submit an amended complaint within the
15 time permitted, this action shall proceed on Plaintiff's Eighth Amendment excessive force claim against
16 Defendant Hanke **ONLY**, and the defendant will be required to respond to the complaint up to and
17 including **thirty (30) days** thereafter.

18    **IT IS FURTHER ORDERED** that the Clerk shall send to Plaintiff two copies of a blank
19 Section 1983 form with instructions along with one copy of Plaintiff's original complaint (#2).

20    DATED: May 5, 2010

_____
UNITED STATES DISTRICT JUDGE