# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| OSCAR WILLIAMS, JR., | ) | |
| Plaintiff, | ) ) | Case No. 2:09-cv-01979-KJD-GWF |
| vs. | ) ) | **ORDER** |
| STEVEN TURNER, *et al.*, | ) ) | Motion to Compel (#28) |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff Oscar Williams' Motion to Compel Submission or *In Camera* Submission of Last Known Addresses of Unserved Defendants (#28), filed October 25, 2010.

## DISCUSSION

Plaintiff previously filed a motion to compel the Nevada Attorney General to accept service of process for Defendant William Donat and Alfred Hanke. (#21). The Attorney General's office responded that it would not accept service on behalf of those defendants as they are both former state employees. (#23). Based on the Attorney General's representations, the Court denied Plaintiff's motion and found that the Nevada Attorney General is unable to accept service for Defendants Donat and Hanke. (#27).

Plaintiff now moves for this Court to compel the Attorney General to disclose or produce for *in camera* review the last known addresses of Defendants Donat and Hanke. (#28). The Attorney General's office is the wrong entity for Plaintiff to seek this information from, however, because the Attorney General is not representing Donat and Hanke. Plaintiff should subpoena the Nevada Department of Corrections ("NDOC") to provide him with the most recent address on file for Defendants Donat and Hanke in order to effect service of process.

While the NDOC is the proper entity for Plaintiff to subpoena to obtain this information, the Court is aware of the concerns that NDOC has regarding prisoners obtaining the addresses of current and former prison authorities. As a result, Plaintiff's subpoena should indicate that the NDOC should submit the most recent addresses on file for Donat and Hanke to the chambers of the undersigned magistrate judge for *in camera* submission. The Court will then deliver this information to the Marshal's Office for service of process.

In the alternative to Plaintiff subpoenaing the NDOC, the Attorney General's office may, if it wishes, obtain the addresses for Donat and Hanke from the NDOC and provide them to the Court for *in camera* review within 30 days from the date of this order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Oscar Williams' Motion to Compel Submission or *In Camera* Submission of Last Known Addresses of Unserved Defendants (#28) is **denied**.

**IT IS FURTHER ORDERED** that the Attorney General's office has 30 days from the date of this order to opt to obtain the addresses for Defendants Donat and Hanke from the NDOC and provide them to the Court for *in camera* review. If the Attorney General's office declines this option, 31 days after the date of this order, Plaintiff may subpoena the records from the NDOC and require the NDOC to provide the records to the Court for *in camera* review.

DATED this 3rd day of February, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge