# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OSCAR WILLIAMS, JR.,

      Plaintiff,

v.

ALFRED HANKE, et al.,

      Defendants.

Case No. 2:09-CV-01979-KJD-GWF

**ORDER**

      Currently before the Court is Defendant Steven R. Turner's ("Turner") Motion to Dismiss (#19). Plaintiff filed a Response in Opposition (#22), to which Defendant filed a Reply (#24). Specifically, Defendant Turner seeks that the Court dismiss Plaintiff's second cause of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

**I. Background**

      Plaintiff Oscar Williams, Jr., an inmate at Southern Desert Correctional Center, filed his First Amended Complaint (#16) on May 7, 2010, alleging three claims for relief pursuant to 42 U.S.C. § 1983, against Warden William Donat ("Donat"), and correctional officers Alfred Hanke, ("Hanke"), and Steve Turner, in regards to an incident wherein Plaintiff's pinkie finger was injured while incarcerated. Plaintiff avers that on October 24, 2007, correctional officer Hanke "maliciously and

---

[1]Defendant Turner only seeks to have the claim made against him dismissed, noting that count one is brought against Defendant Alfred Hanke, and count three is brought against Defendant William "Bill" Donat, but that "these Defendants have not been properly served with process." (#19.)  Regarding the issue of proper service of process on Defendants Donat and Hanke, Plaintiff filed a Motion to Compel (#23) seeking that the Court compel the Nevada Attorney General's office to accept service on behalf of Defendants Donat and Hanke. Subsequently, the Court denied the Motion (see #23), and Plaintiff filed a Motion to Compel the Attorney General to disclose for *in camera* review, the addresses of said Defendants. On February 3, 2011, Magistrate Judge George Foley Jr. issued an Order denying the Motion, but allowing the Attorney General to opt to obtain the addresses of Defendants Donat and Hanke for *in camera* review. The Magistrate Judge's Order stated that should the Attorney General decline this option, the Plaintiff may subpoena the records from the Nevada Department of Corrections. (#33.)

1   sadistically and without justifiable cause or provocation, committed battery upon Plaintiff by bashing

2   Plaintiff's right pinkie finger with a solid, hard, long-handled toilet brush for the express purpose of

3   causing plaintiff substantial harm and pain." (#16 at 3.)   The Complaint alleges that Defendants

4   Turner and Donat violated Plaintiff's constitutional rights under the Fourteenth Amendment when

5   Defendant Turner "stood idly by and failed to intercede and protect Plaintiff", (id. at 8), and

6   because Defendant Donat was "well aware of Defendant Hanke's history of violent conduct" yet

7   "took no effective steps" to ensure that Defendant Hanke's participation in potential dangerous

8   situations was avoided.  (#16 at 4.)

9          Here, Defendant Turner seeks that the Court dismiss count two, which is Plaintiff's claim

10   against Turner and which alleges violations of the Fourteenth Amendment, Articles 1 and 8 of the

11   Nevada Constitution, and N.R.S. § 197.200.[2]

12   **II. Standard of Law for Motion to Dismiss**

13          Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure

14   to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short

15   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

16   8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

17   detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation

18   of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan

19   v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the

20   speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint

21   must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal,

22   129 S. Ct. at 1949 (internal citation omitted).

23

24          [2]N.R.S. § 197.200 is a criminal statute requiring unlawful and malicious conduct by an officer under color of
25   official authority.  Plaintiff's allegations against Defendant Turner fail to demonstrate malice.  Accordingly, Williams
     count two claim brought under N.R.S. § 197.200 is dismissed.

26                                                        2

1    In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to

2    apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual

3    allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

4    Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

5    statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual

6    allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

7    plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable

8    inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

9    does not permit the court to infer more than the mere possibility of misconduct, the complaint has

10   "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks

11   omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

12   Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

13   **III. Discussion**

14   Plaintiff's second claim for relief avers that his due process rights were violated as a result of

15   Defendant Turner's failure to intercede and protect Plaintiff from the actions of Correctional Officer

16   Hanke.  Defendant Turner argues that Plaintiff's due process claim against him fails, because Turner

17   did not owe Plaintiff a constitutionaly duty of due care under the circumstances, and because Turner

18   is protected by qualified immunity.

19   **1. Due Process**

20   To state a claim under the Fourteenth Amendment a prisoner must show (1) that the state

21   deprived him of a liberty interest, and (2) that it denied him adequate procedural protections.  Biggs

22   v. Tehrune, 334 F.3d 910, 913 (9th Cir.2003).  In the prison context, states may create liberty

23   interests which are protected by the Due Process Clause.  Sandin v. Connor, 515 U.S. 472, 484

24   (1995).  Here, Plaintiff relies upon his liberty interest in personal security, which the Supreme Court

25   has affirmed is a protected interest under the Fourteenth Amendment.  See Ingraham v. Wright, 430

26

3

U.S. 651, 673 (1977) ("Among the historic liberties [protected by the due process clause] was a right to be free from, and to obtain judicial relief for, unjustified intrusions on personal security.").  Before a State can deprive a prisoner of the liberty he retains after imprisonment, it must afford him constitutionally adequate procedures.  Vitek v. Jones, 445 U.S. 480, 493–494 (1980).[3]

In the context of a prison setting, the Supreme Court has found that while a lack of due care by prison officials may lead to serious injury, "that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." Davidson v. Cannon, 474 U.S. 344, 347 (1986)(citing Daniels v. Williams, 474 U.S. 327, 331–333 (1986)).  Turner's alleged failure to intercede and protect Plaintiff from the alleged strike of Plaintiff's pinkie finger by Defendant Hanke is commensurate to alleging that Defendant Turner failed to exercise due care.  Plaintiff does not allege that Defendant Turner made a deliberate or intentional decision to deprive Plaintiff of a liberty interest, that Defendant Turner committed or assisted in an unjustified attack, see Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973) cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973), or that Turner failed to disarm a fellow prisoner or allowed an ongoing attack to proceed, see Curtis v. Everette, 489 F.2d 516 (3d. Cir. 1973), cert. denied sub nom. Smith v. Curtis, 416 U.S. 995 (1974).

The Due Process Clause "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."  Daniels, 474 U.S. at 328 (1986).  The Due Process Clause was enacted with the intention to secure individuals from an abuse of power by government officials.  "Far from an abuse of power, lack of due care . . . suggests no more than a

---

[3]The Due Process Clause of the Nevada Constitution is textually almost identical to the Due Process Clause of the Fourteenth Amendment.  Compare U.S. Const. amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ."), with Nev. Const. art. I, § 8, cl. 5 ("No person shall be deprived of life, liberty, or property, without due process of law.").  The only differences between the two clauses are grammatical, arising out of the fact that the federal Due Process Clause is part of a list of prohibitions, whereas the state Due Process Clause comprises its own numbered clause.  On their faces, the clauses are substantively identical.

failure to measure up to the conduct of a reasonable person.  To hold that injury caused by such conduct is a deprivation within the meaning of the Due Process Clause would trivialize the centuries-old principle of due process of law."  <u>Daniels v. Williams</u>, 474 U.S. at 332.

Accordingly, the Court finds that Plaintiff has failed to state a due process violation against Defendant Turner and his second claim for relief should be granted.[4]

**III. Conclusion**

**IT IS HEREBY ORDERED** that Defendant Steven R. Turner's Motion to Dismiss (#19) is **GRANTED**.

DATED this 9th day of March 2011.

_____
Kent J. Dawson
United States District Judge

---

[4]Additionally, the Court finds that Defendant Turner is protected from civil liability by the doctrine of qualified immunity, as his alleged behavior does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>See</u> <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009).

5