UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR WILLIAMS, JR., | |
|     Plaintiff, | Case No. 2:09-CV-01979-KJD-GWF |
| v. | **ORDER** |
| STEVEN TURNER, *et al.*, | |
|     Defendants. | |

Before the Court is Defendants Hanke and Donat's Motion to Dismiss (#52). Plaintiff filed an opposition (#54) and Defendants filed a reply (#55).

I.  Background

Plaintiff Oscar Williams, Jr., an inmate at Southern Desert Correctional Center, filed his First Amended Complaint (#16) on May 7, 2010, alleging three claims for relief pursuant to 42 U.S.C. § 1983, against Warden William Donat ("Donat"), and correctional officers Alfred Hanke ("Hanke") and Steve Turner, arising out of an incident where Plaintiff's little finger was injured while he was incarcerated.

Plaintiff avers that on October 24, 2007, correctional officer Hanke "maliciously and sadistically and without justifiable cause or provocation, committed battery upon Plaintiff by bashing Plaintiff's right pinkie finger with a solid, hard, long-handled toilet brush for the express purpose of

causing plaintiff substantial harm and pain." (Amended Complaint at 3.)

The Court issued an Order (#34) granting Steve Turner's Motion to Dismiss on March 9, 2011 and terminating Count II of the Amended Complaint. Defendants move to dismiss Count I and III of Plaintiff's Amended Complaint which allege violations of the Eighth and Fourteenth Amendments, the Nevada Constitution, and various Nevada statutes.

II.  Discussion

    A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

Plaintiff is representing himself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

    B.  Fourteenth Amendment Claims

Amendment XIV to the United States Constitution states "nor shall any state deprive any person of life, liberty, or property, without due process of law."  Article 1, Section 8, Clause 5 of the Nevada Constitution contains a similarly worded prohibition.  The Supreme Court of Nevada looks to federal case law for guidance in its interpretation of the Due Process Clause. Reinkemeyer v.

Safeco Ins. Co. of Am., 117 Nev. 44, 16 P.3d 1069 (2001).  "To establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)(citations, internal quotations and brackets omitted), cert. denied, 520 U.S. 1240 (1997).  "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

Plaintiff complains that Donat knew or should have known that his alleged "failure to take effective steps to shield and protect Plaintiff and other inmates from [Hanke's] violent propensities enabled [Hanke] to bash Plaintiff's hand with a hard toilet brush" was in violation of Plaintiff's "due process rights under the Fourteenth Amendment... Article 1 § 8 of the Nevada Constitution, and a violation of Plaintiff's right against oppression under NRS 197.200." (Ameded Compl. at 11). Plaintiff does not allege that Donat deliberately did anything to deprive him of his rights or directed anyone else to deprive Plaintiff of his rights – only that he failed to take care in preventing a deprivation that he knew or should have known may happen. "[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." Davidson v. Cannon, 474 U.S. 344, 348 (1986).  Plaintiff's due process claim against Donat fails.[1]

Plaintiff's due process claim against Hanke is conclusorily pled and devoid of facts showing a due process violation.  Accordingly, the Fourteenth Amendment claims against both Defendants are dismissed.

C. Eighth Amendment Claims Against Donat

Liability for Eighth Amendment violations under 28 U.S.C. § 1983 cannot be predicated on the theory of *respondeat superior*. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A

---

[1] Plaintiff cannot recover under NRS 197.200 because it is is a criminal statute and is inapplicable here.

supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.  It is well established that there is no *respondent superior* liability under § 1983. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).  Absent an official's participation or direction in the violation of a plaintiff's constitutional rights, he cannot be held personally liable in an individual-capacity suit under § 1983.  Ybarra, 723 F.2d at 680. Thus, "to succeed on a cause of action under section 1983, the plaintiff must prove the defendant[s] [were] the cause in fact and the proximate cause of plaintiff's injuries."  Kraft v. Jackson, 669 F. Supp. 333, 339 (D.Nev. 1987), aff'd, 872 F.2d 862 (9th Cir. 1989).

Plaintiff has not alleged that Donat personally participated in the event at issue here or that he was the cause in fact or proximate cause of Plaintiff's alleged injury, only that Donat knew or should have known of Hanke's allegedly "violent propensities."  Plaintiff offers no specific facts showing that Donat was aware prior to the incident on October 24, 2007, that Hanke would strike Plaintiff. Accordingly, Plaintiff fails to state an viable Eighth Amendment claim against Donat.

### D.  Eighth Amendment Claim Against Hanke

A prison official violates the Eighth Amendment when: (1) the condition of confinement objectively poses a substantial risk of serious harm (extreme deprivation); and (2) the prison official knows of the substantial risk and ignores it (deliberate indifference or criminal recklessness). Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). Both of these factors must be present to establish a violation of the Eighth Amendment.

"[Not] every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillan, 503 U.S. 1, 9 (1992).  To determine if excessive physical force is in violation of the Cruel and Unusual Punishments Clause, courts must inquire "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7.  To establish a violation, a plaintiff must demonstrate that the use of physical force was unjustified based on: (1) the extent of injury suffered by an inmate; (2) the need for application of

force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." Id. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

In Count I Plaintiff alleges violation of the Eighth Amendment and the similar provision in the Nevada constitution. He also alleges violation of several Nevada statutes which are not applicable here.[2] These allegations all arise from a single incident where "[Hanke] maliciously and sadistically carried out his verbal threat and smashed Plaintiff's hand with a hard toilet brush causing excruciating pain and permanent disfigurement to Plaintiff's right pinkie finger." Plaintiff pleads no other facts to show that application of force was unnecessary, that the amount of force was excessive, whether Hanke perceived a threat, or whether any other factors were at play. Plaintiff does not plead facts showing that the injury required any medical treatment. The Complaint provides nothing besides labels and conclusions showing that the alleged incident constituted a violation of the Eighth Amendment. Accordingly, this claim is dismissed.

F.  Failure to Serve Donat and Hanke

Because Plaintiff's complaint is dismissed for failure to state viable causes of action against Defendants, the question of whether Plaintiff accomplished timely service upon Donat and Hanke is moot. Accordingly, the Defendants' alternative argument for dismissal for failure to serve Defendants pursuant to Fed. R. Civ. P. 12(b)(5) fails.

---

[2] NRS 197.200 and NRS 212.020 are criminal statutes. NRS 209.471 and NRS 209.481 are general correction regulations that are not at issue here. NRS 209.371, which prohibits corporal punishment and inhumane treatment, does not provide more protection than the Eighth Amendment.

5

G. Leave to Amend

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992).

The Court has doubts that the defects in Plaintiff's Complaint can be cured by amendment. However, considering the generous standards afforded to *pro se* litigants, the Court will not preclude further amendment of the Complaint. If Plaintiff decides to file an second amended Complaint, he must comply in every respect with the Federal Rules of Civil Procedure. Any amended Complaint should be filed on or before Monday March 5, 2012. Failure to file in accordance with this Order will result in dismissal without leave to amend.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendants Hanke and Donat's Motion to Dismiss (#52) is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff may file an amended complaint that complies in every respect with the Federal Rules of Civil Procedure by March 5, 2012. Failure to do so will result in dismissal of the action without further leave to amend.

DATED this 30th day of January 2012.

_____
Kent J. Dawson
United States District Judge