# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR WILLIAMS JR., | |
|     Plaintiff, | Case No. 2:09-CV-01979-KJD-GWF |
| v. | **ORDER** |
| ALFRED HANKE, *et al.*, | |
|     Defendants. | |

    Before the Court is the Motion to Dismiss (#66) filed by Defendants Alios Hanke, Steven R. Turner and William Donat. Plaintiff filed an opposition (#68) and Defendants filed a reply (#69).

I. Background

    On January 30, 2012, the Court issued an Order (#59) dismissing Plaintiff's complaint for failure to state a claim. The Court permitted Plaintiff to amend his complaint, but expressed doubt that Plaintiff would be able to successfully state a claim. Plaintiff filed the Second Amended Complaint on February 15, 2012.

The Second Amended Complaint states the same causes of action as the prior complaint: Count I against Defendant Hanke for violations of the Eighth Amendment, Nevada Constitution Article 1 § 6, NRS 209.371, NRS 212.020, NRS 197.200, NRS 209.471, NRS 209.481, Fourteenth Amendment, and Nevada Constitution Article 1 § 8; Count II against Defendant Turner for violations of the Fourteenth Amendment, Nevada Constitution Article 1 § 8, and NRS 197.200; and Count III against Defendant Donat for violations of the Fourteenth Amendment, Nevada Constitution Article 1 § 8, and NRS 197.200).

As with the prior complaint, these causes of action arise out of a 2007 incident where, according to the Second Amended Complaint, correctional officer Hanke "maliciously and sadistically and without justifiable cause or provocation, committed battery upon Plaintiff by bashing Plaintiff's right pinkie finger with a solid, hard, long-handled toilet brush for the express purpose of causing plaintiff substantial harm and pain."

II.  Discussion

A.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se

litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

B. Second Amended Complaint

Plaintiff's Second Amended Complaint is merely an interlineated copy of the previously dismissed complaint (#16). The few additions made by Plaintiff are merely conclusory statements that the infliction of pain "was unnecessary" and that Defendants' actions were "needless and excessive." Plaintiff also adds a paragraph that provides further description of the injuries he suffered. However, none of the interlineations does anything to cure the defects of the previously dismissed complaint. Accordingly, the Court dismisses Plaintiff's complaint for the same reasons identified in the Court's January 30, 2012, Order (#59).[1]

C. Leave to Amend

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992).

The Court previously granted Plaintiff leave to amend and he chose only to re-submit his complaint with no substantive changes. If Plaintiff could properly state his claims, he would have done so. The Court determines that the deficiencies of the complaint cannot be cured by amendment and that further amendment would be futile. Further, requiring Defendants to respond to a third amended complaint would cause prejudice. Accordingly, this action is dismissed without leave to amend.

---

[1] Plaintiff also concedes in his response that he fails to state claims for Eighth Amendment violations against Donat and Turner.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#66) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

DATED this 13th day of February 2013.

_____
Kent J. Dawson
United States District Judge